UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL NO. 06-82-DCR

UNITED STATES OF AMERICA                                            PLAINTIFF


VS:                          MEMORANDUM OPINION


BOBBY JOE CURRY and
TAMMY NAPIER                                              DEFENDANTS

* * * * * *

A detention hearing was held on July 5, 2006, at which both defendants were

present and each represented by appointed counsel, being respectively, Hon. James

Hibbard, and Hon. Brandon Storm, standing in for Hon. Paul Croley.  The United

States was represented by Assistant United States Attorney Stephen Smith.  Also in

attendance was United States Probation Officer Jason Parman.  These are

presumption cases under the provisions of 18 U.S.C. §3142(e), in that a maximum

term of imprisonment of ten years or more is prescribed in the Controlled

Substances Act (21 U.S.C. §801, *et seq*).

The Magistrate Judge personally heard the testimony of George Roberts

(Bobby Joe Curry's minister), Barbara Treadway (Mr. Curry's daughter), Velma

Anderson (part-time domestic employer of the defendant, Tammy Napier), Wanda

1

McQueen (Ms. Napier's sister), and Kentucky State Police Detective Greg Pace (called in rebuttal by the government). The Court has further considered the Pretrial Services Reports with addendums filed by the United States Probation Office and heard proffers and argument of defense counsel and of the Assistant United States Attorney.

This is not an easy case to decide. It is even more complicated by the fact that the Pretrial Service Officer originally recommended release with conditions, but after speaking with the United States Attorney's Office, filed an addendum changing the recommendation to detention. This amended recommendation was based upon information received from the United States Attorney's Office pointing out, 1) the maximum penalty that could be imposed should either be convicted; 2) a suggestion that the defendants may have some connection with the death of Stacey Harris as alleged in Count 5 of the indictment against the defendant, Curry; and, 3) further suggesting the defendants "have colluded in an attempt to alter testimony to prevent prosecution."

There is little question but that the defendants did successfully rebut the statutory presumption. In the case of Curry, the evidence shows that more than one year ago he "accepted Christ", joined the church, has not been accused of any drug dealing and in fact has gone on national television and regionally appeared in

2

various forums warning others of the dire consequences of drug abuse. He is a lifelong resident of Clay County, has considerable family in the Eastern District of Kentucky, including five sisters and three brothers. He is the primary care giver of an eight year old child (the son of the decedent, Stacey Harris), does not have the financial resources to be a risk of flight, and has serious health issues that can best be treated outside of incarceration. Likewise, the defendant, Tammy Napier, is a lifelong resident of Laurel County, Kentucky, shares joint custody with her former husband of two children, has no felony convictions, has considerable family in this area, and has been drug free for more than six months with the assistance of a prescription for Methadone, which she receives from a licensed clinic in Corbin, Kentucky.

Both defendants having rebutted the statutory presumption, the issue resolves around the allegations set out in the addendums to the pretrial services reports. The Magistrate Judge heard the testimony of Detective Pace and, in all due respect, that testimony fails to show that the defendants have "reached out" to witnesses who may have knowledge regarding the death of Stacey Harris. The statement in the addendums received from the United States Attorney's Office that Mr. Curry and Ms. Napier met "in an attempt to alter testimony to prevent prosecution" has not been shown by any standard of proof, let alone by clear and

3

convincing evidence.  Without question, Mr. Curry has, in the past, been a part of the drug problem existing in Clay County, Kentucky, but he has shown, what appears to be, a clean break for over a one year period of time and, not only has he joined a church and attempted to change his life, but has gone public with his issues in an attempt to dissuade others from following in his path.  Likewise, Ms. Napier has a history of substance abuse but that also has changed, albeit with the assistance of prescribed methadone, over the past six months.

There appears to be no sound reason to confine these two individuals pending trial, especially when the Court is directed by the statute to keep in mind that nothing in the release and detention statute "shall be construed as modifying or removing the presumption of innocence". 18 U.S.C. §3142(j).  The statute also expressly provides that the "judicial officer **shall** order the pretrial release of the person on personal recognizance ... unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  18 U.S.C. §3142(b). Notwithstanding either defendant's past, and recognizing the presumption of innocence on the instant charges, the evidence favors release in this case as to both defendants when the factors set out in 18 U.S.C. §3142(g ) are considered.    The

Magistrate Judge does not determine that either is a risk of flight or non-appearance at trial, or now will endanger the safety of others.

A separate Order Setting Conditions of Release will enter on Friday, July 14,2006, at which time both defendants will be released after being processed by the United States Probation Office and the United States Marshals Service unless the orders setting conditions of release are revoked or amended by the presiding District Judge, or, enters an order holding the matter in abeyance until such time as he has had an opportunity to review the evidence from the detention hearings, should the government file a motion to revoke or amend under 18 U.S.C. §3145. Unless an Order is entered vacating, amending or holding same in abeyance, the United States Marshal shall bring the defendants before the undersigned at **9:00 a.m. on Friday, July 14, 2006,** for an explanation of the conditions of release.

This the 13th day of July, 2006.

Signed By:

_J.B. Johnson, Jr._

**United States Magistrate Judge**

5