Eastern District of Kentucky
FILED

JUL 3 1 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CRIMINAL CASE NO. 06-82-DCR

UNITED STATES OF AMERICA,   PLAINTIFF

VS.   **REPORT AND RECOMMENDATION**

BOBBY JOE CURRY,   DEFENDANT

\*\*\*\*\*\*\*

This matter is before the Court upon the "Motion to Suppress" (DE#28) by the defendant Bobby Joe Curry. An evidentiary hearing was held on July 25, 2006. Having carefully considered the record, including the Motion (DE#28), Notice with Attached Warrant and Affidavit (DE#32), Response (DE#33), Exhibits (Gov. Hrg. Exh. #1-7), Supplement to Motion to Suppress (DE#34), Supplemental Response (DE#40), and the testimony at the hearing, the Magistrate Judge makes the following proposed findings of fact and conclusions of law:

## I. Findings of Fact

On March 2, 2004, Officer Patrick Robinson of the Manchester Police Department presented a supporting affidavit and a printed application form for a search warrant to the Clay Circuit Court Judge, in Manchester, Kentucky. The application sought authorization to search the premises of Bobby Joe Curry, at 1085 Curry Branch Road, Manchester, KY 40962. The application described the structure as a "red woodsided double wide trailor (sic) on the left hand side of roadway with a wooden front porch" and gave directions to the property. The application also sought to search in any vehicles on the property, any vehicles owned or occupied by Bobby Joe Curry, and "any one occupying said property, anyone arrested, or anyone who appears to be armed". DE#32, attached exhibit.

The supporting affidavit indicates that on the 2nd day of March, 2004, at approximately 2200, the affiant received the following information:

> "Several complaints from citizens and other police officers that Bobby Joe Curry was selling illegal drugs at his residence on Curry Branch Road. That

> Bobby Joe Curry was previously convicted for trafficking in illegal drugs. Acting on the information received, affiant conducted the following independent investigation: a written and taped statement that Billy Grays purchased a bag of cocaine from Bobby Joe Curry for the price of $20.00"

The application for search warrant sought permission to search for evidence of illegal drugs and related items. Manchester Circuit Judge Cletus Maricle issued the warrant at 10:08 p.m. on March 2, 2004. Law enforcement officers thereafter executed the warrant and searched the defendant's residence. See Gov. Hrg. Exh. #5, search warrant return, listing the numerous items seized, including two bags of cocaine, pills, baggies, scales, spoons with residue, a butane torch, and other drug paraphernalia.

## II. Issues Presented

The main issues before the Court are 1) whether the supporting affidavit (and the sworn oral supplementation by the officer to the issuing judge) provided adequate "probable cause" to issue the search warrant, and 2) if not, whether the good-faith exception of *Leon* should apply.

## III. Conclusions of Law

### Fourth Amendment

A person's right to be free from unreasonable searches and seizures arises from the Fourth Amendment to the United States Constitution, which specifically provides:

> "The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Law enforcement officers must obtain a search warrant based upon probable cause prior to entering a home. *Payton v. New York*, 445 U.S. 573, 585, 100 S.Ct. 1371,

63 L.Ed.2d 639 (1980); *Illinois v. Rodriguez*, 497 U.S. 177, 185-86, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990).

**Probable Cause**

Probable cause is defined as "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. Coffee*, 434 F.3d 887, 888 (6th Cir.), *cert. denied*, 126 S.Ct. 2313 (2006); *United States v. Graham*, 275 F.3d 490, 509 (6th Cir. 2001), *cert. denied*, 535 U.S. 1026 (2002). The United States Supreme Court has held that "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him....there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In deciding whether probable cause exists, courts "must examine the totality of the circumstances in a realistic and commonsense fashion." *United States v. Van Shutters*, 163 F.3d 331, 336 (6th Cir. 1998), *cert. denied*, 526 U.S. 1077 (1999). A magistrate's finding of probable cause is entitled to deference. *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986), *cert. denied*, 479 U.S. 1092 (1987).

**Issue 1: Whether the Affidavit Provided Probable Cause to Issue the Warrant**

The defendant argues that "[a]ll the affidavit actually says is that unnamed citizens and police officers believe Bobby Joe Curry is selling drugs at his residence and that a fellow named Billy Gray says he bought cocaine from Bobby Joe Curry..." DE#28, p. 3. The defendant contends that the supporting affidavit, which consists only of three sentences, is "bare-bones" and insufficient to provide probable cause to issue the search warrant. The defendant moves for suppression of any evidence seized by officers during the search of his residence on March 2, 2004, and any evidence obtained thereafter as "fruit of the poisoned tree".

The defendant asserts that the affidavit is devoid of any facts substantiating the "reliability" of the complaints from unnamed sources. He points out that the affidavit merely restates generalized accusations allegedly heard from unidentified persons. Although statements in an affidavit may be based upon information from confidential sources, the issuing judge must be reasonably assured that the confidential source is credible and the information reliable. *United States v.*

*Miller*, 314 F.3d 265, 268 (6th Cir. 2002), *cert. denied*, 539 U.S. 908 (2003); *United States v. Williams*, 224 F.3d 530, 532 (6th Cir. 2000), *cert. denied*, 531 U.S. 1095 (2001). "[A] court must consider the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances for evaluating the impact of that information." *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003). An affidavit "must contain a statement about some of the underlying circumstances indicating the informant was credible or that his information was reliable'." *Id.* at 822, citing *Gates*, 462 U.S. at 239, 103 S.Ct. 2317. In the present case, the affidavit provides no specific facts regarding the anonymous complaints that would enable the issuing judge to determine whether such complaints were reliable or credible.

The only other information in this very minimal affidavit is a reference to a past conviction and to "a written and taped statement that Billy Gray purchased a bag of cocaine from Bobby Joe Curry for the price of $20.00". The United States correctly asserts that an affidavit may be held sufficient "where a known person, named to the magistrate, to whose reliability an officer attests with some detail, states that he has seen a particular crime and particular evidence, in the recent past, [such that] a neutral and detached magistrate may believe that evidence of a crime will be found." *Coffee*, 434 F.3d at 893, quoting *United States v. Allen*, 211 F.3d 9970, 976 (6th Cir. 2000)(en banc). Of course, Officer Robinson did not attest *in any way* to the reliability of the person (Gray) making the statement, nor did he set forth any facts in his affidavit that the alleged drug transaction occurred in the recent past.

The defendant correctly points out that the affidavit fails to indicate any relevant details, such as when the statement by Gray was made,[1] to whom it was made, the circumstances of how and why the statement was made, or the date and time when the alleged drug transaction occurred. The affidavit contains little or no facts that would enable a reviewing judge to determine the reliability of Gray's statement. Defense counsel aptly points out that "i[t could have just as easily been six months prior [to] the affidavit as six hours." DE#28, p. 3. Gray's statement, as related by the affiant, also does not indicate that the alleged transaction occurred in the recent past. The affiant also did not indicate whether Gray had been arrested in possession of the cocaine.

---

[1] Although the affiant indicates he received the information (including various "complaints" and "a taped statement" by Gray) on March 2, 2004, he does not indicate when the statement itself was made or when the drug transaction referred to in the statement was made.

Page 4 of 9

Although the United States provides additional facts regarding Gray's statement, "[r]eview of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four corners of the affidavit." *United States v. Frazier,* 423 F.3d 526, 531 (6th Cir. 2005); and *United States v. Hatcher,* 473 F.2d 321, 323 (6th Cir. 1973); *United States v. Jenkins,* 396 F.3d 751, 760 (6th Cir. 2005). The United States argues that Billy Gray supplied the officers with a taped statement which revealed his name, his supplier, the date and place of the purchases". Even if he did, the affiant officer did *not* actually put all of this information in the affidavit. Instead, he merely indicated that he "conducted the following independent investigation: a written and taped statement that Billy Grays purchased a bag of cocaine from Bobby Joe Curry for the price of $20.00" The affidavit does *not* indicate when or where the alleged drug sale occurred. The officer merely indicates, via preprinted language, that he received the three sentences of information on March 2, 2004 at 2200.

In addition, it is not enough to merely allege that a person is suspected of a crime. To justify authorization of police intrusion into a residence where an individual has a legitimate expectation of privacy, the United States Supreme Court has held that the affidavit must show a connection or "nexus" with the place to be searched. *Zurcher v. Stanford Daily,* 436 U.S. 547, 556-559 & n. 6, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978); see also, *Mills v. City of Barbourville,* 389 F.3d 568, 575 (6th Cir. 2004)(holding that the allegation that the defendant had sold marijuana to a person at one location was insufficient to provide probable cause to go search another location, i.e. the defendant's residence); and see, *United States v. Laughton,* 409 F.3d 744, 747 (6th Cir. 2005)(holding affidavit insufficient because it "failed to make any connection between the residence to be searched and the facts of criminal activity that the officer set out in his affidavit").

"For a search warrant to be valid, the place to be searched must be connected to the crime alleged." *United States v. Wagers,* 452 F.3d 534, 539 (6th Cir. 2006). The relevant inquiry is whether the circumstances indicate that evidence of crime is likely to be found at a particular premises. *Zurcher,* 436 U.S. at 556-559; and see, *United States v. Carpenter,* 360 F.3d 591, 594 (6th Cir. 2004); see also, *United States v. Van Shutters,* 163 F.3d 331, 336-37 (6th Cir. 1998)), *cert. denied,* 526 U.S. 1077 (1999); *United States v. United States v. Couch,* 367 F.3d 557, 560-561 (6th Cir. 2004).

The United States argues that the affiant officer "orally supplemented" the three-sentence affidavit. At the evidentiary hearing, the United States presented

testimony that the affiant officer had been placed under oath and provided additional information to Judge Maricle prior to issuance of the warrant. Officer Robinson testified that Judge Maricle then asked him about the circumstances of Gray's statement. Officer Robinson testified that he then told Judge Maricle additional facts not appearing in the affidavit, including that Gray had been arrested that day in possession of cocaine and that Gray had told him that he had bought the cocaine from Bobby Joe Curry at Curry's residence. He also testified that he told the judge under oath that Gray had related details about Curry's suggestion for him to rob a pharmacy.

Generally, only information within the "four corners of the affidavit" is considered. *Frazier,* 423 F.3d at 531; *Coffee,* 434 F.3d at 893. However, there are cases holding that additional information that was divulged under oath to the issuing judge prior to issuance may be considered in determining whether there was probable cause to issue the warrant. See *United States v. Shields,* 978 F.2d 943 (1992); *United States v. Wickizer,* 633 F.2d 900, 901 (6th Cir. 1980), *cert. denied,* 450 U.S. 935 (1981); *United States v. Parker,* 4 Fed. Appx. 282, 2001 WL 128309 (6th Cir. (Tenn.))(holding that "a controlled buy not mentioned in search warrant applicant's sworn affidavit but related orally to the issuing magistrate was entitled to consideration in determining probable cause if the officer was under oath"); *United States v. Harris,* 255 F.3d 288, 293 (6th Cir.), *cert. denied,* 534 U.S. 966 (2001)(finding that the supporting affidavit and the detective's additional sworn statements provided probable cause to issue the warrant).

In *United States v. Hang Le-Thy Tran,* 433 F.3d 472 (6th Cir. 2006), *petition for certiorari filed (July 10, 2006),* the Sixth Circuit Court of Appeals recently held that "the issuing magistrate may consider sworn, unrecorded oral testimony supplementing a duly executed affidavit to determine whether there is probable cause upon which to issue a search warrant," citing *Shields,* 978 F.2d at 946; *United States v. Clyburn,* 24 F.3d 613, 617 (4th Cir. 1994); and *Frazier v. Roberts,* 441 F.2d 1224, 1226 (8th Cir. 1971). In *Hang Le-Thy Tran,* the Sixth Circuit concluded that the detective's sworn oral statements "could properly inform Judge Timmers' decision to issue a warrant in this case." *Id.* "[T]he failure to establish an adequate nexus between the residence and any criminal activity within the four corners of the affidavit is not necessarily fatal, provided that the information is actually presented to the magistrate through sworn oral testimony." *Id.* at 482, citing *Shields,* 978 F.2d at 946.

The affiant informed the judge under oath that Gray had been arrested that day in possession of cocaine and explained to the judge that Gray indicated he had

bought the cocaine from Curry at Curry's residence. This provides the requisite nexus for the place to be searched. Although defense counsel astutely points out that the officer did not testify that the alleged drug transaction itself was actually recent, the small amount of cocaine (with a street value of $20.00) found in Gray' possession upon his arrest that day strongly suggests that the transaction for such consumable quantity was quite recent.

In conclusion, although the supporting affidavit was plainly inadequate and bare-bones, and although the Court should not condone the lack of care taken in preparing the application for a warrant in any case, the United States nonetheless did present testimony establishing that sufficient facts were placed before Judge Maricle to support a finding of probable cause to issue the search warrant. The warrant may in this case be upheld on the basis of the sworn oral supplementation of the affidavit, but such unusual situation should not be read as general approval of such practice.

**Issue 2: Whether the *Leon* Good Faith Exception Applies**

Given the recommendation that sworn oral supplementation saved the insufficient affidavit and gave probable cause, the arguments regarding *Leon* will only be briefly discussed. "*Leon* prohibits the sanction of exclusion of the evidence seized in violation of the Fourth Amendment if the reliance on the magistrate's determination of probable cause by the officers executing the warrant was objectively reasonable." *United States v. Chaar*, 137 F.3d 359, 361 (6th Cir. 1998); *United States v. Canan*, 48 F.3d 954, 959 (6th Cir. 1995), *cert. denied*, 516 U.S. 1050 (1996). The good faith exception does not apply if the officer's reliance on the warrant was not in good faith or objectively reasonable. The "good faith" test is objective and inquires "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Leon* at 922 n. 23, 104 S.Ct. 3405; and see, *Jenkins*, 396 F.3d at 761.

The purpose of the exclusionary rule is to deter police misconduct. This objective is not furthered by suppressing evidence seized by an officer who has in good faith obtained and relied on a search warrant that is subsequently held invalid. *Leon*, 468 U.S. at 919-21; and see, *United States v. Abboud*, 438 F.3d 554, 2006 Fed.App. 0066P (6th Cir. (Ohio))(holding that "the exclusionary rule was adopted to deter unlawful searches by police, not to punish the errors of magistrates and judges").

The defendant argues that the third exception to the *Leon* exception applies here. He points to numerous cases in which affidavits were found lacking (even when more detailed than the present one) and in which the *Leon* good-faith exception was found not applicable. See, e.g., *United States v. Helton*, 314 F.3d 812, 824 -825 (6th Cir. 2003); *Laughton*, 409 F.3d at 744; *United States v. Hammond*, 351 F.3d (6th Cir. 2003). In *Helton*, the Sixth Circuit Court of Appeals explained that:

> "The application of the third *Leon* exception is governed by whether the investigating officers' conduct was objectively reasonable. Here, where the affidavit did not establish probable cause, the third *Leon* exception turns on whether a reasonable officer would know that the affidavit failed to establish probable cause." *Id.* at 824-825.

Like the present case, *Helton* dealt with a bare-bones affidavit and the issue of whether anonymous statements (which were sparse in relevant detail, based on hearsay, and largely uncorroborated) were "trustworthy and reliable". The Court concluded that no reasonable officer would believe that the information in the affidavit established probable cause to search the premises, and that the third exception to the *Leon* exception was applicable.

In the present case, the affidavit is similarly bare-bones, sparse in relevant detail, based on hearsay, and largely uncorroborated. Defense counsel argues that "[a]lthough *Leon* created the good-faith exception, it also requires officers to have a reasonable knowledge of what the law prohibits" and that a reasonably "knowledgeable officer would recognize that without more the affidavit fell well short of establishing probable cause." DE#28, p. 4.

In *Laughton*, the Sixth Circuit Court of Appeals rejected the argument that the supporting affidavit justified application of *Leon* and disapproved the fact that the district court had "explicitly considered not only what was in the affidavit, but also what other facts were known to the deputy but not included in the affidavit." *Id.* at 751. The *Laughton* court specifically held that "a determination of good-faith reliance ... must be bound by the four corners of the affidavit." *Id.*; see also, *United States v. Ali*, 2006 WL 1644361, *6 (N.D. Ohio 2006). In the present case, if the affidavit had not been orally supplemented, the third exception to the Leon exception would apply, as the affidavit was so inherently deficient that no

reasonably well-trained officer would rely on it for probable cause.

## RECOMMENDATION

It is **RECOMMENDED** that "Motion to Suppress" (DE#28) by the defendant Bobby Joe Curry should be **DENIED**.

By agreement of counsel, particularized objections to this Report and Recommendation must be filed within five (5) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. See *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991). Also by agreement, a party may file a response to another party's objection within five (5) days after being served with a copy thereof. Rule 72(b), Fed. R.Civ.P.

This the  31st day of July, 2006.



Signed By:
J. B. Johnson, Jr.
United States Magistrate Judge