UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-82-DCR |
| V. | ) | |
| BOBBY JOE CURRY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant Bobby Joe Curry's motion to suppress. [Record No. 28] Having reviewed this motion along with the Magistrate Judge's Report and Recommendation, the Court concludes that the motion should be denied because the oral supplementation of the search warrant's accompanying affidavit cured any defects in the document itself, and even if it had not been cured in this manner, the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984), would apply.

**ANALYSIS**

Defendant filed a motion to suppress all evidence seized on March 2, 2004 from his home in Manchester, Kentucky. [Record No. 28] Consistent with local practice, this matter was referred to United States Magistrate Judge J.B. Johnson Jr. for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). Following a hearing on July 25, 2006, the Magistrate Judge filed his Report and Recommendation on July 31, 2006. [Record No. 41] His written report and recommendation concluded that, based on his complete review of the testimony and the

applicable law governing the Defendant's motion, the motion to suppress should be denied. He then granted counsel five days to file their objections to the R&R in this Court.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections with the Court to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).

The Magistrate Judge concluded that the warrant and supporting affidavit filed by Officer Patrick Robinson were insufficient to establish probable cause for the search. However, Officer Robinson's oral supplementation of the affidavit to Circuit Judge Maricle corrected the deficiencies regarding the informant's reliability and the necessary nexus between Defendant's house and the suspicion of narcotics distribution. Relying on *United States v. Hang Le-Thy Tran*, 433 F.3d 472 (6th Cir. 2006), the Magistrate Judge concluded that Officer Robinson's additional testimony that the informant had been arrested that day with a "personal consumption" amount of cocaine which he had purchased from Defendant at defendant's house was sufficient to establish a nexus between Defendant's home and cocaine distribution. Furthermore, although the officer did not testify the purchase was recent, the amount seized from the informant ($20) strongly suggested that the purchase was recent. [Record No. 41, pgs. 6-7]

The Defendant has filed objections to only this final conclusion. [Record No. 43] He argues that the officer's failure to explicitly indicate when the purchase took place is fatal to the warrant. In this regard, he asserts that the magistrate's inference regarding the recency of the purchase "is not a factual basis for probable cause but simply speculation and assumption that the facts available supply the missing facts." *Id.* at 1-2. In essence, the Defendant is arguing that the magistrate issuing the warrant could not have drawn an inference of recency from the facts presented; instead, specific testimony was required. Curry does not indicate whether his position is that the magistrate was forbidden from drawing such an inference, or that the inference of recency was unreasonable from the facts presented.

However, before addressing the Defendant's specific objection, the Court will note that he has made no objection to any other finding or conclusion of the Magistrate Judge's report and recommendation. Without objection, and having reviewed the record, the Court will incorporate and adopt the other findings of the Magistrate Judge. *Thomas*, 474 U.S. 140. This includes the finding that the warrant would qualify for the good faith exception under *Leon*, 468 U.S. 897. *See* [Record No. 41, pgs. 7-9]

Returning to Defendant's specific objection and as noted previously, it is unclear whether he is arguing that the issuing magistrate was prohibited from drawing *any* inferences from the facts presented, or whether the inference of recency was unreasonable from the facts presented. If the former, the Defendant is effectively arguing that a magistrate may not draw inferences, that he instead may only base his probable cause decision on explicit facts presented to him. If the latter, his argument is that it was unreasonable to conclude that a likely drug user in possession

of a small amount of cocaine would have purchased the drugs recently. The Court will address this latter argument first.

Officer Robinson testified that he told Judge Maricle that, just prior to coming to the judge's house to obtain the warrant, he had arrested one Billy Gray. [Record No. 42, pg. 9] Billy Gray had in his possession a small amount of cocaine that he had purchased from the Defendant at the Defendant's home. *Id.* at 11. The Defendant contends that from this evidence it was unreasonable for Judge Maricle to conclude that the purchase was recent. This argument is without merit. Common sense indicates that when a drug user is found with a small amount of cocaine which he purchased from a suspected drug dealer who lives nearby, that purchase was recent. It would be the same as concluding that a driver with a car full of groceries who said she purchased them from a grocery store had done so recently.

Defendant's alternative argument (i.e., that the issuing magistrate is prohibited from drawing inferences in the absence of an explicit statement) is similarly without merit. In making probable cause determinations, judges are free to make reasonable inferences from the facts presented. *Maryland v. Pringle*, 540 U.S. 366, 372 (2003); *Illinois v. Gates*, 462 U.S. 213, 240 (1983). Judge Maricle's conclusion that the facts supported the implicit inference that the purchase was recent was entirely reasonable. It was also sufficient to support a finding of probable cause. The Court, therefore, will adopt and incorporate the Magistrate Judge's finding on this issue.

**CONCLUSION**

For the reasons discussed herein, it is **ORDERED** as follows:

(1)     The Magistrate Judge's Report and Recommendation [Record No. 41] is **ADOPTED** and **INCORPORATED** herein by reference;

(2)     The Defendant's motion to suppress is **DENIED**;  [Record No. 28]

(3)     The Defendant's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

This 3rd day of August, 2006.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge