UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 6:06-CR-82-DCR |
| | ) | No. 6:08-CV-7045-DCR |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| BOBBY JOE CURRY, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

*** *** *** ***

On November 21, 2008, Movant Bobby Joe Curry properly filed a pro se motion under 28 U.S.C. § 2255. *See* DE #446 (Pro Se Motion). Three days later, Curry moved to amend, *see* DE #447 (Pro Se Motion to Amend), and the Court ordered the amended materials attached to and included with the original section 2255 motion. *See* DE #450 (Order). After other amendment efforts, Movant also filed a motion to amend raising a new ground for relief. *See* DE #478 (Pro Se Motion to Amend). Having received the United States's response and Movant's subsequent reply, the Court finds the case now ripe for consideration. *See* DE #466 (Response); DE #474 (Pro Se Reply to Response).

For the reasons discussed below, the Court **RECOMMENDS** that the District Court **DENY** relief on Curry's section 2255 motion (DE #446). Additionally, the Court **RECOMMENDS** that the pending motion to amend (DE #478) be **DENIED**.

**I. Background Information**

Facing a seventeen-count Superseding Indictment alleging various violations of the Controlled Substances Act, *see* DE #55 (Superseding Indictment), Curry reached an agreement

1

with the United States and pled guilty to five total counts:

- Count 1: conspiracy to knowingly and intentionally distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine;

- Count 2: conspiracy to knowingly and intentionally distribute and possess with intent to distribute a quantity of pills containing oxycodone and methadone;

- Count 4: knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine and a quantity of pills containing a detectable amount of oxycodone and methadone, all resulting in the death of Stacey Elizabeth Harris; and

- Counts 16 and 17: forfeiture counts involving real property and money proceeds.

*See* DE #110 (Minute Entry for Rearraignment). In exchange for concessions from the United States, Curry agreed to a waiver of his rights to appeal and to attack collaterally his guilty plea, conviction, and any sentence not exceeding 120 months, including any order of restitution. *See* DE #410 (Plea Agreement) at 5 ¶ 8.

Under the United States Sentencing Guidelines, Movant faced a sentence in the range of 324 to 405 months. *See* DE #430 (Pre-Sentence Report). However, the Court granted the United States's motion for a downward departure and ultimately sentenced Curry to 240 months of imprisonment, five years of supervised release, and $22,987.00 in restitution. *See* DE #417 (Judgment).

Movant requested an appeal, and his attorney, Hon. James Hibbard, filed the notice, an *Anders* brief, and a motion to withdraw. *See United States v. Curry,* 536 F.3d 571, 572-73 (6th Cir. 2008). Despite notification, Curry submitted no pro se response. *See id.* In the *Anders* brief, Hibbard raised two prospective issues for review: (1) whether the District Court should have

departed downward to a greater degree and (2) whether Curry's sentence was reasonable. *See id.* The Sixth Circuit determined that it had no jurisdiction to consider the first argument and found Curry's sentence reasonable. *See id.* at 573-74.

This section 2255 motion concerns Curry's continued dissatisfaction with the trial-level result. Movant sounds his allegations in ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct.

**II. Standard of Review**

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, the sentence exceeds the maximum authorized by law, or the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. To prevail on a section 2255 motion alleging constitutional error, the Movant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson,* 113 S. Ct. 1710, 1721-22 (1993)). To prevail on a motion alleging non-constitutional error, the Movant must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Watson,* 165 F.3d at 488 (citing *Hill v. United States,* 82 S. Ct. 468, 471 (1962)). In making a section 2255 motion, Movant bears the burden of proving his or her allegations by a preponderance of the evidence. *See McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

Section 2255 requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" *See* 28 U.S.C. § 2255(b); *Valentine v. United States*, 488 F.3d 325, 333-34 (6th Cir. 2007) (discussing the evidentiary hearing standard). A defendant seeking section 2255 relief bears the "relatively light" burden of establishing the need for an evidentiary hearing. *See id.* at 333 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). However, "mere assertions of innocence" will not suffice. *See id.*

The Court additionally recognizes Curry's pro se status. Pro se motions receive a comparatively lenient construction. *See Castro v. United* States, 124 S. Ct. 786, 791-92 (2003) (demonstrating consideration given across the circuits for pro se petitions); *Franklin v. Rose,* 765 F.2d 82, 85 (6th Cir. 1985) (holding that "allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation . . . 'to encompass any allegation stating federal relief'").

**III. Analysis**

In his section 2255 motion, Curry presents two grounds for relief based on alleged ineffective assistance of counsel: (1) failure to preserve appeal rights and (2) plea coercion (as to Count 4). *See* DE #446 at 4. Curry also asserts that he faced improper interrogation by the United States after entering his guilty plea. *See* DE #446-3 (Motion to Amend attached to original section 2255 motion) at 1. Finally, Movant most recently moved to amend in an effort to assert that criminal charges against former Clay Circuit Judge Cletus Maricle should result in section 2255 relief. *See* DE #478.

In response, the United States relies first on the plea-agreement waiver of Movant's right

to appeal and collaterally attack his guilty plea and conviction. Alternatively, the United States asserts that Curry has not established ineffective assistance or any other substantive basis for section 2255 relief. Curry filed a reply bombastically contending that the Government utilized "words to mask [] the truth rather than reveal Constitutional violations." *See* DE #474 at 1.

Upon full and careful consideration, and for the reasons described below, the Court recommends the District Court fully deny Curry's motion for section 2255 relief.

Ground One: Whether Counsel Ineffectively Preserved Movant's Appeal Rights

Defendant asserts that his counsel ineffectively failed to preserve Curry's appeal rights. The failure to appeal has obvious procedural and substantive consequences in the section 2255 context. *See generally Massaro v. United States*, 123 S. Ct. 1690 (2003) (discussing interplay of default with claim of ineffective assistance); *Reed v. Farley*, 114 S. Ct. 2291 (1994) (concerning procedural default). Here, however, Curry alleges not that counsel failed to file an appeal as requested, but instead that counsel failed to notify Movant that he filed an *Anders* brief. Striving to debunk that assertion, the United States included with its response a copy of the letter that Curry's counsel, Hon. James Hibbard, sent to Movant outlining the procedure for filing a pro se response. *See* DE #466-3 (Exhibit A – Letter). The letter also reflects that Hibbard enclosed a copy of the *Anders* brief, and the letter included a section in bold capital letters: "**YOU ARE HEREBY ADVISED THAT UNDER THE RULES OF THE 6TH CIRCUIT COURT OF APPEALS, YOU HAVE TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE OF THIS NOTICE IN WHICH TO FILE A BRIEF IN SUPPORT OF REVERSAL OF YOUR CONVICTION OR SENTENCE.**" *See id.* Hibbard then certified service and now avers service. *See* DE #501-1 (Affidavit) at 2 ¶¶ 6, 7.

5

Curry's claim fails. Had counsel failed to file an appeal as instructed, Movant's argument would have sounded more convincingly. *See, e.g.*, *Roe v. Flores-Ortega*, 120 S. Ct. 1029, 1035 (2000) (citing *Rodriquez v. United States*, 89 S. Ct. 1715 (1969)); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993). In such a circumstance, if the allegations were proven, Curry would be entitled to section 2255 relief – namely, a delayed appeal irrespective of likelihood of success on the merits. *See Roe*, 120 S. Ct. at 1035; *Peguero v. United States*, 119 S. Ct. 961, 965 (1999); *Rodriguez*, 89 S. Ct. at 1717-18; *Regalado v. United States*, 334 F.3d 520, 524-25 (6th Cir. 2003). Here, much differently, counsel complied exactly with Movant's instruction to file an appeal. Moreover, the Sixth Circuit specifically determined that "**Curry was notified of his right to respond**, but no response has been received by the court." *Curry*, 536 F.3d at 572-73 (emphasis added). Curry, who has the burden of proof, simply cannot overcome this finding by the Sixth Circuit.

Further, Curry's reply concedes he was aware of the *Anders* brief before the Court of Appeals resolved the case. *See* DE #474 at 5 (referencing contact with Court of Appeals). Movant reports no effort to seek an extension or further relief.

Conclusively, Curry establishes no basis for relief related to the *Anders* issue.

Ground Two: Whether Counsel Ineffectively Assisted Movant Concerning the Plea Agreement

First, Movant's ineffectiveness claim has not been waived because the allegedly deficient and prejudicial performance of counsel directly concerns the character and substance of the plea agreement, to wit, the counseled plea to Count 4. The Sixth Circuit has held that challenges to the validity of a guilty plea cannot generally be waived. *See, e.g.*, *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (". . . [I]t would be entirely circular for the government to argue that the

defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself."). However, when section 2255 motions do not articulate a basis for attacking the validity of a plea, the Sixth Circuit has upheld collateral-attack waivers if otherwise knowing and voluntary. *See, e.g.*, *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006) (finding a movant's arguments, other than ineffective assistance and jurisdictional arguments, to be waived by a plea agreement); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (holding that a defendant waived his right to bring a section 2255 petition based on ineffective assistance of counsel not relating to the plea agreement). On the instant facts, Curry alleges that the Count 4 charge to which he pled guilty emerged, in relevant part, from his counsel's ineffectiveness, and Movant argues that his counsel negotiated and advised him ineffectively concerning the plea. The allegations directly relate to the ultimate character and substance of the plea agreement; therefore, the waiver does not bar Curry's challenge. To the extent Movant intended any broader claim, however, such claim would be waived. Further, and notably, Curry does not dispute the enforceable nature of the waiver in general and concedes that he is challenging only Count 4.

On the merits, the files and records of the case show conclusively that Curry is not entitled to relief. The Sixth Circuit has outlined the standard for ineffective assistance of counsel as to plea agreements:

> The Supreme Court stated in *Hill* that the two-part test to establish ineffective assistance of counsel, articulated earlier in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." 474 U.S. at 58, 106 S. Ct. 366. Under that test, a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the defendant was prejudiced by the attorney's error. *Id.* at 57-59, 106 S. Ct. 366. In the context of a challenge to a guilty plea, the defendant must show that "but for counsel's errors, he would not

7

have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.
Ct. 366. The Supreme Court added that an assessment of prejudice must include a
prediction of the likely outcome at trial. *Id.* In the case of an unexplored
affirmative defense or undiscovered evidence, this prediction of the likely
outcome at trial is relevant to determine whether or not the potential defense or
evidence would have caused counsel to change the recommendation as to the
plea. *Id.*

*Dando v. Yukins*, 461 F.3d 791, 798 (6th Cir. 2006). Accordingly, before Movant can establish that he would not have pled guilty absent the allegedly deficient performance of trial counsel, he must show under the *Strickland* standard that trial counsel's performance was objectively unreasonable and that the unreasonable performance prejudiced the result.

Based on the Federal Rule of Criminal Procedure 11 colloquy alone, Curry plainly cannot make that showing. The purpose of Rule 11 is to ensure that a defendant's guilty plea is knowing and voluntary, based on a complete record of factors analyzed by the court through interaction with the defendant. *See McCarthy v. United States*, 89 S. Ct. 1166, 1170-71 (1969); *Phillips v. United States*, 519 F.2d 483, 485 (6th Cir. 1975).[1] The trial court carefully and deliberately proceeded through the Rule 11 colloquy with Movant.[2] *See* DE #434 (Transcript of Rearraignment) ("Tr."). The sworn colloquy established the plea as knowing, counseled, intelligent, and voluntary.

Curry's Rule 11, verified representations to the District Judge have considerable

---

[1] Supporting this statement of purpose, the Supreme Court has since limited collateral attack on violations of Rule 11. *See, e.g.*, *United States v. Timmreck*, 99 S. Ct. 2085, 2087 (1979) (finding that a Rule 11 violation must be "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure" in order to be appropriate for collateral attack).

[2] Curry asserts, quite incredibly, that Hibbard kicked him under the table and whispered "Do it! Do it now!" to get Movant to enter the plea. However, as Hibbard attests, such kicking and goading would have been in view of Judge Reeves. *See* DE #501-1 at 3 ¶ 9. This claim simply is fantastic.

importance. As the Fourth Circuit has persuasively reasoned,

> [A]n appropriately conducted Rule 11 colloquy can only serve meaningfully if the court is entitled to rely on the defendant's statements made under oath to accept a guilty plea . . . To view the Rule 11 plea colloquy as a procedural game in which pieces are moved and manipulated to achieve a result that can beat the system established for providing due process to the defendant undermines that very process.

*United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003) (citation omitted); *see Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (observing, as to "fully accurate" Rule 11 procedures, that "[t]o allow defendant to attempt to prove by affidavit that the agreement is otherwise than it appears, unambiguously, on a thorough record would violate established contract-law principles"). During the time that Movant had one-on-one interaction with the trial judge and the chance to tell him about any dissatisfaction, Curry instead indicated unreserved satisfaction with the advice and representation of counsel. *See* Tr. 9 at lns. 14-20. Notably, Curry further confirmed that no one made any threats or forced him to enter the plea agreement. *See* Tr. 14 at 13-15. Movant specifically took responsibility for Count 4, involving the death of Stacey Elizabeth Harris:

> THE COURT: And Count 4 asserts that on or about November 14th, 2003, in Clay County, that you knowingly and intentionally distributed a mixture or substance containing a detectable amount of cocaine and a quantity of pills containing oxycodone and methadone which resulted in the death of Stacey Elizabeth Harris. Do you acknowledge that you did that?
>
> DEFENDANT CURRY: Yes.
>
> THE COURT: And do you acknowledge that Ms. Harris died as a result of the distribution of those substances to her?
>
> DEFENDANT CURRY: Yes.

*See* Tr. 27 at lns. 3-12. Curry had numerous opportunities to ask the District Court questions

about any matters he did not understand. *See, e.g.*, Tr. 10 at ln. 25; Tr. 11 at lns. 1-2; Tr. 13 at lns. 24-25; Tr. 14 at lns. 1-12; Tr. 22 at lns. 7-8. Following the full Rule 11 colloquy, Movant pled guilty. *See* Tr. 32 at 5-9.

The plea agreement further conclusively supports denial of section 2255 relief. Courts interpret plea agreements under principles of contract law. *See United States v. Socolovitch*, 340 F. App'x 291, 296 (6th Cir. 2009) (citing *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002)); *Baker*, 781 F.2d at 90. The plea agreement, to which Curry agreed, contains an extensive factual summary that Movant affirmed the Government could prove beyond a reasonable doubt. *See* DE #410 (Plea Agreement) at 2-3 ¶ 3. The substantial-assistance portion of the plea agreement properly notes the discretion of the United States to file a motion for downward departure. *See id.* at 5 ¶ 9. Under contract law, the United States should receive the benefit of its bargain. Curry's section 2255 motion merits no relief.

Movant presents no extraordinary circumstances,[3] nor does Movant indicate any legitimate reason why he failed to raise any coercion issues before Judge Reeves during the Rule 11 colloquy. *See Baker*, 781 F.2d at 90 (discussing the lack of such showings in that case as well in upholding a plea agreement). Notably, Curry never alleges any deficiency in the language of

---

[3] Curry baldly suggests that Hibbard had a significant conflict of interest that Movant could not uncover until after the rearraignment and sentencing, but Curry fails to establish any credible basis for this purported conflict. In his affidavit, Hibbard directly refutes the claim that he attends church with the prosecutor, the victim's mother, and District Judge Reeves. *See* DE #501-1 at 3 ¶ 12. Moreover, Hibbard avers that he has no friendship with the mother of victim Stacy Harris, nor did he hug her at the conclusion of sentencing. *See id.* at ¶¶ 10-11. Curry's assertion that Hibbard kicked him under the table is fiction. Both men stood at a podium directly in front of Judge Reeves during the plea. *See* Tr. at 3. Curry has a burden to show he is entitled to section 2255 relief, and bald allegations about his attorney and the District Judge fail miserably.

the plea agreement. Certainly Movant does not like his current situation, but on the record before this Court, that situation can only be said as entirely of Movant's own making.[4]

Ground Three: Whether Movant Faced Improper Post-Plea Interrogation

Curry also asserts that the United States, including the Assistant United States Attorney and FBI agents, improperly interrogated him after he pled guilty, but before sentencing. Curry expresses concern about self-incrimination and the United States's purportedly taking advantage of his "learning disability."

The United States responds to note that Curry sought to assist the Government in order to seek a downward departure motion for substantial assistance. Additionally, the United States included an affidavit from Hon. James Hibbard, who explained that he accompanied Curry to debriefings prior to Movant's entry of a plea. *See* DE #501-1 at 3-4 ¶ 13. According to Hibbard, Curry may be confusing witness preparation sessions for a trial or sentencing hearing of co-defendants. *See id.*

On this record, Curry cannot sustain his burden to show any constitutional violation meriting section 2255 relief. Movant complains about improper interrogation, but he agreed to cooperate with the United States in order to pursue a substantial-assistance motion. *See Wingo v. United States*, 341 F. App'x 132, 134-35 (6th Cir. 2009) (finding that, in the similar context of government debriefings under a *Kastigar* letter, "the debriefings ceased to be adversarial proceedings where [the defendant's] rights were in danger of being 'irretrievably lost' if not safeguarded by the presence of counsel"). Further, Curry argues that he had no attorney, but

---

[4] The restitution-based challenge regarding Count 4, *see* DE #446 at 4; DE #446-4 at 1, is dependent and thus also fails.

Hibbard attests to attending all pre-plea debriefings of which he had knowledge. *See* DE #501-1 at 4. Hibbard even attended one of the witness preparation sessions. *See id.* Significantly, Judge Reeves's detailed explanation of the sentence shows no prejudice derived from any debriefings. *See* DE #435 (Sentencing Transcript) at Tr.24-32 (District Court's explanation). In point of fact, Curry gained **significant benefit** from his participation via reduction of a prospective 405-month sentence to only 240 months. *See id.* 31 at lns. 12-22. In any event, Curry nowhere articulates how post-plea questioning in any way negatively impacted the conviction or sentence. Again, Movant simply warrants no relief under the statute.

Ground Four: Motion to Amend Concerning Former Judge Cletus Maricle

On January 18, 2010, Curry filed a final motion to amend based on unrelated federal criminal charges levied against former Clay Circuit Judge Cletus Maricle, who issued a state search warrant in Movant's case. *See* DE #478. This motion, which raises a new ground for relief, appears time-barred. The Sixth Circuit entered its direct-appeal affirmance on September 11, 2008, and Curry had 90 days to petition to the United States Supreme Court for a writ of certiorari. While Movant filed his principal section 2255 motion on November 21, 2008, this motion failed to stop the clock on new grounds for relief. By January 18, 2010, 404 days had expired, meaning Curry missed the one-year deadline by almost 60 days.

The record reflects no basis for equitable tolling, and ordinarily the Court would provide Movant an opportunity to show cause why equitable tolling should apply. *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (discussing procedure)**.** However, here, even if Curry could show cause for equitable tolling to apply, the claim would obviously be waived per the plea waiver, which makes the claim futile. *See Oleson v. United States*, 27 F. App'x 566, 570-71 (6th Cir.

2001) (addressing futile amendment in section 2255 context). Movant entered into a plea agreement, which contained a waiver of "the right to appeal and the right to attack collaterally the guilty plea, conviction, and any sentence that does not exceed 120 months, including any order of restitution." *See* DE #410 at 5 ¶ 8. This claim obviously falls under the waiver provision, a clause Curry does not challenge, and the United States should receive the benefit of its bargain.

Even on the merits, Curry fails to indicate any specific impact of the criminal charges against Maricle on the search warrant at issue, so no section 2255 relief would arise. In essence, Movant asks this Court to find that the criminal charges mean everything done by Maricle has a constitutionally significant taint, but this argument misses the mark as much too broad and wholly unsubstantiated. Finally, during the pretrial proceedings, District Judge Reeves considered a motion to suppress concerning the merits of the search warrant and found, based on a full evidentiary record, that the search should stand. *See* DE #44 (Memorandum Opinion and Order). For all of these reasons, the Court recommends that the motion to amend (DE #478) be denied.

**IV. Certificate of Appealability**

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing"

2001) (addressing futile amendment in section 2255 context). Movant entered into a plea agreement, which contained a waiver of "the right to appeal and the right to attack collaterally the guilty plea, conviction, and any sentence that does not exceed 120 months, including any order of restitution." *See* DE #410 at 5 ¶ 8. This claim obviously falls under the waiver provision, a clause Curry does not challenge, and the United States should receive the benefit of its bargain.

Even on the merits, Curry fails to indicate any specific impact of the criminal charges against Maricle on the search warrant at issue, so no section 2255 relief would arise. In essence, Movant asks this Court to find that the criminal charges mean everything done by Maricle has a constitutionally significant taint, but this argument misses the mark as much too broad and wholly unsubstantiated. Finally, during the pretrial proceedings, District Judge Reeves considered a motion to suppress concerning the merits of the search warrant and found, based on a full evidentiary record, that the search should stand. *See* DE #44 (Memorandum Opinion and Order). For all of these reasons, the Court recommends that the motion to amend (DE #478) be denied.

**IV. Certificate of Appealability**

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing"

requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 120 S. Ct. at 1604.

Here, the grounds for relief offered by Curry fail to present a close constitutional issue that reasonable jurists would debate. No facts or evidence contradicts that Hibbard properly filed an *Anders* brief and sent that brief to Curry with proper notice of the opportunity to file a pro se response, so counsel cannot be deemed to have acted ineffectively in preserving appeal rights. Regarding the plea agreement, no debate exists that Hibbard properly advised Curry in negotiations that led to a motion for downward departure by the United States and an ultimate sentence well below the applicable Sentencing Guidelines range. Under oath, Curry affirmed his free and full assent to the deal. Concerning the post-plea interrogation, no evidence contradicts Hibbard's averment that he attended all sessions except witness preparation sessions, and Curry does not aver a cognizable violation or prejudice from any uncounseled questioning. Finally, jurists would find no debate that this Court's recommended denial of the motion to amend should stand because any such amendment would be futile, based solely on untimely and wholly generalized assertions about unrelated criminal charges applied to a former state judge. Accordingly, the Court recommends that a Certificate of Appealability be denied.

**V. Recommendation**

For the reasons discussed above, the Court **RECOMMENDS** that the District Court **DENY** Curry's motion (DE #446) for section 2255 relief. The Court also **RECOMMENDS** that the District Court **DENY** a Certificate of Appealability. Finally, the Court **RECOMMENDS** that the motion to amend (DE #478) be **DENIED**. Further, because the result is conclusive on the record, the Court needs no evidentiary hearing as a predicate to ruling.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 16th day of November, 2010.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge