UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-82-DCR |
| V. | ) | |
| BOBBY JOE CURRY, | ) | **MEMORANDUM ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Bobby Joe Curry's Motion for Relief Under 28 U.S.C. § 2241. [Record No. 547] In this motion, Curry summarily argues that the Court should consider the savings clause of § 2241 to grant the relief sought because he is "actually innocent" of causing the death of Stacey Harris under *Burrage v. United States*, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014).[1] According to Curry, because the United

---

[1] Defendant Curry did not proceed to trial but, instead, entered a guilty plea to several counts, including the charge contained in Count 4 of the Superseding Indictment that he knowingly and intentionally distributed a number of controlled substances including cocaine, and pills containing oxycodone and methadone. [Record No. 410; Plea Agreement] Additionally, Curry admitted that the mixture of controlled substances he provided to Harris caused her death. Specifically, in paragraph 3 of the Plea Agreement, Curry admitted the following:

(a) The Defendant [Curry] conspired during the dates and places alleged in the indictment with Todd Roberts, Vernon Hacker, Tammy Napier, and others to knowingly and intentionally distribute over 5 kilograms of a mixture or substance containing cocaine, and a quantity of pills containing oxycodone and methadone, all controlled substances.

(b) On or about November 14, 2003, at the place alleged in the indictment, the

States did not prove that the drugs he provided to Harris actually caused her death, *Burrage* provides relief not previously available. While Curry's assertions are factually erroneous, the Court need not address the substance of this claim.

Curry does not assert that he is factually innocent of the underlying drug offense for which he entered a guilty plea. As outlined in the Order entered February 24, 2015 [Record No. 541], a defendant may not seek collateral relief under 28 U.S.C. § 2241 under *Burrage* when his challenge relates to a sentencing enhancement. *De La Cruz v. Quintana*, 2014 U.S. App. LEXIS 21847 (6th Cir. Oct. 27, 2014); *see also Jones v. Castillo*, 489 F.App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."). Moreover, there is no indication that the Supreme Court's holding in *Burrage* has been applied retroactively to cases on collateral review. Thus, a claim of "actual innocence" is not available under 28 U.S.C. § 2241 because Curry's claim is not based on a new rule of law made retroactive by the Supreme Court. *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). Accordingly, it is hereby

---

> Defendant distributed at his residence a mixture or substance containing a quantity of cocaine, oxycodone and methadone and the Defendant knew that the mixture or substance contained cocaine, oxycodone, and methadone. Tammy Napier, Stacey Harris and others used at the Defendant's residence this mixture or substance containing cocaine, oxycodone and methadone. During the early morning hours of November 15, 2003, Stacey Elizabeth Harris was discovered unresponsive by the Defendant. Officials who arrived on the scene pronounced Harris dead. Autopsy results by the Kentucky Medical Examiners office determined that the cause of death as multiple drug intoxication consisting of a mixture of drugs including cocaine, oxycodone, and methadone.

[Record No. 410] Further, during the change of plea hearing which occurred on October 2, 2006, Defendant Curry admitted that Stacey Harris died as a result of the drugs that he distributed to her on November 14, 2003. [Record No. 434, pp. 22-27]

**ORDERED** that Defendant Bobby Joe Curry's Motion for Relief Under 28 U.S.C. § 2241 [Record No. 547] is **DENIED**. Likewise, his accompanying request for appointment of counsel is denied for the reasons outlined in earlier orders. Again, the Court notes that Curry has not shown that exceptional circumstances exist justifying appointment of counsel.

This 31st day of March, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge