UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 06-082-DCR |
| ) | |
| V. ) | |
| ) | |
| BOBBY JOE CURRY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Clerk of the Court filed a letter from Defendant Bobby Joe Curry requesting the appointment of counsel to assist in his petition pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603. [Record No. 559] In addition to requesting the appointment of counsel, Curry attached his "inmate request to staff" which specifies why he believes the First Step Act applies to him. He states, "I meet the newly authorized requirements [for the Elderly Home Detention Pilot Program] of being 60 years old or older because I am 67 years old[1] and have completed 2/3rds (66.6%) of my 20 year sentence." [Record No. 559-1]

The First Step Act modifies 34 U.S.C. § 60541 to provide:

(A) The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from a Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.

(B) In carrying out a pilot program as described in subparagraph (A), the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from the Bureau of Prisons facilities to home

---

[1] Curry indicates that he is now 68 years old. [Record No. 556]

-1-

detention upon written request from either the Bureau of Prisons or an eligible elderly offender or terminally ill offender."

Pub. L. No. 115-391, § 603. The First Step Act further modifies 34 U.S.C. § 60541 to state: "the term eligible elderly offender means an offender in the custody of the Bureau of Prisons – (i) who is not less than 60 years of age; (ii) who is serving a term of imprisonment that is not life imprisonment … and has served the greater of 10 years or 2/3 of the term of imprisonment to which the offender was sentenced…" Pub. L. No. 115-391, § 603.

The Court cannot grant the requested relief requested by Curry. *See Burg v. Nicklin*, No. 19-CV-24, 2019 WL 369153 at *3 (W.D. Texas Jan. 29, 2019) (concluding that prisoners have no constitutional or statutory right to be placed in home confinement, and the Bureau of Prisons ("BOP") has the discretion to determine if and when to assign a prisoner to home confinement); *see also Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. April 21, 2016) (discussing a similar statute, 18 U.S.C. § 3624, and explaining that prisoners do not have a constitutional right to home confinement)). Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.

Alternatively, reading Curry's letter liberally,[2] he may be requesting relief under 18 U.S.C. § 3582 because he is petitioning the Court for relief after complying with the BOP administrative process. The First Step Act modifies 18 U.S.C. § 3582(c)(1)(A) to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may

---

[2] "[H]andwritten pro se document[s] [are] to be literally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

> reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense of offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

First Step Act of 2018, Pub. L. No. 115-391, § 603.

While the Court may entertain a request for a modification of a term of imprisonment under this provision, Curry has not presented extraordinary and compelling reasons for a reduction. Additionally: (i) he is not at least 70 years of age; (ii) he has not served a least 30 years in prison; and (iii) the BOP has not made a determination that he is not a danger to the safety of any other person or the community. Thus, he is not eligible for relief under 18 U.S.C. § 3582(c)(1)(A).

The Court "may [also] modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Curry's letter could be construed as arguing that the Court should modify his term of imprisonment because the First Step Act expressly permits the Attorney General to release some or all eligible elderly offenders and eligible terminally-ill offenders from the BOP facilities to home detention. First Step Act, Pub. L. No. 115-391, § 603. But this argument fails for two reasons. First, 18 U.S.C. § 3582(c)(1)(B) permits courts to modify an imposed *term* of imprisonment, not the method of incarceration. Because 34 U.S.C. § 60541 only authorizes the modification of the method of imprisonment from a BOP facility to

home confinement, 18 U.S.C. § 3582(c)(1)(B) does not permit the Court to intervene. Second, 34 U.S.C. § 60541 only authorizes the Attorney General to modify the method of imprisonment. It does not permit the Courts to take such action. As a result, the Court also wound deny Curry's request for relief under 18 U.S.C. § 3582(c)(1)(B).

Finally, the Court will address Curry's request for the appointment of counsel. First, Curry is not entitled to counsel for his request under 34 U.S.C. § 60541 because defendants are not entitled to counsel for administrative proceedings before the BOP. *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) ("we are not prepared to hold that inmates have a right to either retained or appointed counsel in disciplinary proceedings"). Second, Curry is not entitled to counsel for his request under § 3582, because no constitutional right to counsel exists for filings under 18 U.S.C. § 3582. *United States v. Bruner*, 2017 WL 1060434 at *2 (E.D. Ky. Mar. 21, 2017) ("Courts have considered whether defendants are entitled to counsel as a right when filing under 18 U.S.C. § 3582(c)(2) [and 18 U.S.C. § 3582(c)(1)], and have found that no such constitutional right exists") (citing *United States v. Huffman*, No. 6:08-34-DCR, 2015 WL 3619902, at *1 n.1 (E.D. Ky. June 9, 2015)). Therefore, appointment of counsel is not required. And there are no exceptional circumstances in the present case that warrant appointment of counsel. The issues are straight forward and the defendant is able to coherently present those issues for resolution.

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant Curry's motion for appointment of counsel [Record No. 559] is **DENIED**.

2. Defendant Curry's request for relief pursuant to 34 U.S.C. § 60541 and 18 U.S.C. § 3582 [Record No. 559] is **DENIED**.

Dated: February 8, 2019.


Signed By: Danny C. Reeves
United States District Judge