UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-082-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BOBBY JOE CURRY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Bobby Joe Curry has filed a letter requesting that the Court remove the gun enhancement added to his base offense level and apply the new mandatory minimum sentencing revisions from the First Step Act of 2018 ("2018 Act"), Pub. L. No. 115-391. [Record No. 561]  Curry is currently serving a (reduced) twenty year sentence following his guilty plea to multiple counts of a superseding indictment.  [Record No. 417]  He previously filed a letter requesting the appointment of counsel to assist in his petition pursuant to the 2018 Act.  [Record No. 559]  The Court denied Curry's request because the Court does not have the authority to grant the relief requested by Curry and he was not entitled to the appointment of counsel.  [Record No. 560]

Curry's recent letter requests that the Court remove the gun enhancement that was applied in his case.  [Record No. 561]  Curry was subject to a two level increase in his offense level pursuant to United States Sentencing Guidelines §2D1.1 because he possessed firearms during the offense.  [Record No. 435, p. 4]  His letter indicates that he is requesting the removal of the gun enhancement pursuant to the application of the 2018 Act.

The 2018 Act amends the stacking provisions of 18 U.S.C. § 924(c)(1)(C) and provides that the amendments "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. No. 115-391, § 403. However, Section 403 does not apply to Curry for two reasons. First, he did not plead guilty to charges under 18 U.S.C. § 924, instead the firearm enhancement was added to his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1). [Record Nos. 410, 435] Therefore, Section 403 is irrelevant to Curry as it only applies to convictions under 18 U.S.C. § 924. Pub. L. No. 115-391, § 403. Second, Section 403 of the 2018 Act is not retroactive. *United States v. Rondon*, 2019 WL 1060813, at *2 (M.D. Fla. Mar. 6, 2019); Pub. L. No. 115-391, § 403. Accordingly, even if Curry pleaded guilty to charges pursuant to 18 U.S.C. § 924, his sentence was imposed 11 years before the 2018 Act was enacted, so the modification made by the 2018 Act would not apply. *Rondon*, 2019 WL 1060813, at *2. Because Curry was subject to a two-level increase to his offense level due to his possession of firearms during the offense pursuant to U.S.S.G. § 2D1.1 and he did not plead guilty to charges under 18 U.S.C. § 924, the Court will not remove the enhancement to his offense level.

Curry also requests that the Court apply the new mandatory minimum sentencing revisions from the 2018 Act. [Record No. 561] This request can be construed as requesting relief under Section 403 of the 2018 Act or requesting relief under Section 404 of the 2018 Act.

Section 403 of the 2018 Act modifies the mandatory minimum sentences of multiple counts of conviction in the same indictment pursuant to 18 U.S.C. § 924. Pub. L. No. 115-391, § 403. As noted previously, Curry did not plead guilty to charges under 18 U.S.C. § 924, thus, the modification of the mandatory minimum under Section 403 of the 2018 Act does not

apply.  Alternatively, Section 404 of the 2018 Act makes the Fair Sentencing Act of 2010 (the "FSA") apply retroactively.  Pub. L. No. 115-391, § 404.  The FSA modifies the amount of a mixture or substance containing cocaine base needed to trigger the mandatory minimums provided by 21 U.S.C. § 841.  Pub. L. No. 111-220, § 2.  However, Curry pleaded guilty to conspiring to distribute and possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 846, conspiring to distribute and possess with the intent to distribute a quantity of pills containing oxycodone and methadone in violation of 21 U.S.C. § 846, and distributing a mixture or substance containing a detectable amount of cocaine and a quantity of pills containing a detectable amount of oxycodone and methadone which resulted in the death of an individual in violation of 21 U.S.C. § 841(a)(1).  [Record No. 410]  Thus, while Curry pleaded guilty to charges under 21 U.S.C. § 841, the retroactive application of the FSA would not affect him because he did not plead guilty to an offense involving cocaine base.  Therefore, Curry is not eligible for the application of a new mandatory minimum sentence provided by Section 404 of the 2018 Act because Section 404 does not apply to him.

Because Curry is not eligible for relief pursuant to the 2018 Act, it would be inappropriate to remove the gun enhancement to his offense level and apply the new mandatory minimums provided by the 2018 Act.  Accordingly, it is hereby

**ORDERED** that Curry's request for the gun enhancement to be removed and to apply the new mandatory minimum sentencing revisions, docketed as a motion, [Record No. 561] is **DENIED**.

Dated:  March 28, 2019.



Signed By:

*Danny C. Reeves*

United States District Judge